# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

THOMAS HUGE,
    Petitioner,

vs

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-61

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Petitioner, a prisoner at the Lebanon Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion to hold the petition in abeyance and respondent's motion to dismiss. (Doc. 2, 12). For the reasons stated below, the undersigned recommends that petitioner's motion be granted and respondent's motion to dismiss be denied.

    Petitioner raises the following eleven grounds for relief in his habeas petition:

1. The trial court erred to the prejudice of petitioner by allowing the State of Ohio to introduce evidence that was not relevant to the charges and contained improper "other acts" evidence which prejudiced the petitioner and denied him his right to a fair trial.

2. The trial court erred to the prejudice of petitioner by permitting repeated instances of prosecutorial misconduct which were improper, prejudicial and deprived petitioner of his right to a fair trial.

3. The trial court erred to the prejudice of petitioner by permitting a State's witness to read from purported text messages when the telephone text messages were never properly authenticated, time stamped or numbered. Text messages were read out of order, and some were not read at all leading to an incomplete and inaccurate representation of the dialog and to the text messages being taken out-of-context and prejudicial. Thereby petitioner was denied his right to a fair trial.

4. The trial court erred to the prejudice of petitioner by refusing to grant a mistrial when petitioner's right to a fair trial had been prejudiced.

5. The trial court erred to the prejudice of petitioner and violated his federal and state due process rights because his convictions were not supported by sufficient

evidence.

6. The trial court erred to the prejudice of petitioner as his convictions were against the manifest weight of the evidence presented at trial and he is actually innocent of these charges. Petitioner was denied his right to a fair trial and his right to due process.

7. The trial court erred to the prejudice of petitioner by failing to merge allied offenses in violation of the Fifth Amendment's double jeopardy clause.

8. The trial court erred to the prejudice of petitioner as the cumulative effect of the errors at his trial denied him of his right to a fair trial and due process of law

9. Petitioner was denied his right to effective assistance of counsel. Petitioner's rights were violated by the lack of the thoroughness and preparation and by the ineffective assistance of his trial attorneys.

10. The trial court erred to the prejudice of petitioner by convicting the petitioner of an offense speculated to be committed on a separate occasion at a date prior to 9-7-2010 with no evidence to support the claim. Petitioner's right to due process has been violated.

11. The trial court erred to the prejudice of petitioner due to the fact that petitioner was not in his right mind during and prior to his trial due to being sedated on psychotropic medications. The medications caused the petitioner to be complacent and not clear headed as to exactly what has happening.

(Doc. 1, PageID 15–18).

On the same day that petitioner filed his habeas petition, he also submitted a motion to hold the petition in abeyance, requesting that the Court stay the case so that he may exhaust his state court remedies. (Doc. 2).

Respondent has filed a motion to dismiss the petition. (Doc. 12). According to respondent, petitioner has exhausted his available state court remedies with respect to Grounds One through Eight. However, respondent argues that Grounds Nine through Eleven remain unexhausted. In response to the motion to hold the petition in abeyance, respondent

acknowledges that petitioner could pursue a state post-conviction petition under Ohio Rev. Code § 2953.21 with respect to his unexhausted claims. Respondent further states that given the seriousness of the charges and conviction in petitioner's state court case, the Court could reasonably conclude that petitioner should be given the opportunity to pursue these claims through a post-conviction petition in the Ohio courts.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional,

3

and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In

4

addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

> The Court went on to determine that:
>
>> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>>
>> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines. See, e.g., Williams v. Hurley,*

5

No. 2:05-cv-985, 2006 WL 1650771, at *10–11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted*, 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished); *see also Tolliver v. Sheets,* No. 2:05-cv-1161, 2007 WL 2462650, at *17–18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

In *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah,* No. 2:06cv1025, 2007 WL 915197, at *5–6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe,* 425 F.3d 654, 661–62 (9th Cir. 2005), and *Baker v. Horn,* 383 F. Supp. 2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley,* No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber,* 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis,* after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford,* 415 F. Supp. 2d 1207, 1209–11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by

6

>circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra,* 2007 WL 915197, at *6.

In this case, the undersigned recommends that the petition should be stayed so that petitioner may attempt to exhaust his claims via a post-conviction petition in the Ohio courts. Petitioner claims that he instructed his appellate counsel to raise the alleged errors in Grounds Nine through Eleven on direct appeal, but counsel failed to do so. (*See* Doc. 1, PageID 16, 17, 18–19). At this point in the proceedings, the Court cannot conclude that all of petitioner's claims are "plainly meritless" or that petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines,* 544 U.S. at 277–78. Furthermore, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the claims alleged here may be subject to dismissal on statute of limitations grounds.

Accordingly, in sum, after weighing the *Rhines* factors, for good cause shown, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of any of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** that petitioner's motion (Doc. 2) be **GRANTED** and that the instant proceedings be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

In light of the undersigned's recommendation that this action be stayed, respondent's motion to dismiss should be **DENIED**. (Doc. 12).

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition (Doc. 1) be administratively **STAYED** and **TERMINATED** on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within thirty (30) days after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

Respondent's motion to dismiss (Doc. 12) should be **DENIED**.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White,* No. 01-CV-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections,* 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White,* 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn,* 115 F.3d 201, 203–206 (3rd Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[1]

---

[1] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/28/15

Karen L. Litkovitz
United States Magistrate Judge

---

second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

THOMAS HUGE,
    Petitioner,

vs

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-61

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).